IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TIMOTHY LEN HENDERSON,            )
                                  )
            Plaintiff,            )
                                  )
      v.                          )    1:11CV445
                                  )
FREDERICK EDWARDS, Correctional   )
Officer, MUHAMMAD SHARPE,         )
Correctional Officer, NORTH       )
CAROLINA DEPT. OF CORR., and      )
SCOTLAND CORR. INST.,             )
                                  )
            Defendants.           )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The instant matter comes before the undersigned United States Magistrate Judge for a recommended ruling on the Motion to Dismiss filed by the North Carolina Department of Corrections (the "DOC") (Docket Entry 13) and the Motion to Amend Complaint filed by Plaintiff (Docket Entry 18). For the reasons that follow, the DOC's Motion to Dismiss should be granted and Plaintiff's Motion to Amend Complaint will be denied as futile. In addition, the Court will direct the parties to take additional steps to effectuate service of process on the remaining Defendants.

Background

Plaintiff, proceeding *pro se*, filed a Complaint alleging violations of 42 U.S.C. § 1983 against the DOC, Scotland Correctional Institution (a DOC facility), and DOC correctional

officers Frederick Edwards ("Correctional Officer Edwards") and Muhammad Sharpe ("Correctional Officer Sharpe"). (See Docket Entry 2.)

Plaintiff, an inmate with the DOC, alleges that, as he performed his janitorial job in the maximum control unit at Scotland Correctional Institution, a maximum control inmate attacked him from behind with a pair of handcuffs, resulting in "multiple lacerations and contusions, requiring a combination of stitches and staples to close." (Id. at 3.) Plaintiff complains that Correctional Officers Edwards and Sharpe failed to follow proper policy for unit movements "by not informing [Plaintiff] of an imminent movement of a higher security threat inmate and removing [Plaintiff] from inside the block and securing [Plaintiff] prior to the movement." (Id.) Plaintiff goes on to assert that the inmate allegedly responsible for the attack has a history of assaultive behavior and, accordingly, Correctional Officers Edwards and Sharpe knew of the potential risk said inmate posed. (Id.) Plaintiff alleges that, if Correctional Officers Edwards and Sharpe had adhered to appropriate policy, Plaintiff would not have been injured. (Id.)

The DOC has moved the Court to dismiss Plaintiff's claims against the DOC pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (See Docket Entry 13 at 1.) Subsequently, Plaintiff filed a Motion to Amend through which he

"wishes to correct the deficientcy's [sic] in the Complaint . . . ." (Docket Entry 18 at 2.)

## Motion to Dismiss

The DOC contends that, as a state agency, it is not a person within the meaning of Section 1983 and "the Eleventh Amendment bars suits against state agencies 'unless the State has waived its immunity.'" (Docket Entry 11 at 2 (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989)). Accordingly, as Plaintiff has not alleged that the State of North Carolina has waived immunity from suit under Section 1983 (see Docket Entry 2) and the DOC asserts that North Carolina in fact has not done so (see Docket Entry 11 at 2), the DOC concludes that it "is not a proper party to this action" (id.). The DOC's argument has merit.

"Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised it undoubted power under § 5 of the Fourteenth Amendment to override that immunity." Will, 491 U.S. at 66 (internal citation omitted). Furthermore, Eleventh Amendment immunity "extends to arms of the State, including state agencies and state officers acting in their official capacity." Cromer v.

-3-

Brown, 88 F.3d 1315, 1332 (4th Cir. 1996) (internal citations, quotation marks, and alterations omitted).

"For Eleventh Amendment purposes, the North Carolina Department of Corrections, is considered an arm of the State of North Carolina." Glover v. Charlotte Corr. Ctr., Civil No. 3:10cv523-RJC, 2010 WL 4718397, at *1 (W.D.N.C. Nov. 15, 2010) (unpublished) (citing Savage v. North Carolina Dep't of Corr., No. 5:06-CV-171-FL, 2007 WL 2904182, at *15 (E.D.N.C. Sept. 29, 2007) (unpublished)). Accordingly, neither the North Carolina Department of Corrections, nor its facility, Scotland Correctional Institution, is a proper party to this action.

### Motion to Amend

Plaintiff filed a Motion to Amend through which he "wishes to correct the deficientcy's [sic] in the Complaint by adding the following Defendants:

(1) Fredrick Hubbard

(2) Captain Cross

(3) Zachary Kendal

(4) Alvin Keller

(5) Robert Lewis

(6) John Doe, 1-100

(7) Jane Doe, 1-100

individually and in their official capacities"

-4-

(Docket Entry 18 at 2.)  Plaintiff has also provided individual bases for the addition of each of the above, all of which relate to the respective individual's supervisory responsibility over Scotland Correctional Institution.  (See id. at 2-3.)

Given the current procedural posture of the case, Plaintiff may "amend [his] pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  This rule further directs that "[t]he court should freely give leave when justice so requires."  Id.  The Court has some discretion, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962).  However, the Fourth Circuit has made it clear that "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile."  Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010).  In this respect, "[a]n amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)."  Syngenta Crop Prot., Inc. v. EPA, 222 F.R.D. 271, 278 (M.D.N.C. 2004).  Under this standard, despite Plaintiff's stated intent, Plaintiff's proposed Amended Complaint fails to correct the above deficiencies and is otherwise futile.

-5-

Case 1:11-cv-00445-CCE-LPA   Document 23   Filed 04/18/12   Page 5 of 12

Initially, the Court notes that the addition of the above named Defendants would have no effect on the analysis of the DOC's status as a person under § 1983. Accordingly, there is no basis for the Court to reexamine its above reasoning in light of Plaintiff's proposed Amended Complaint.

Furthermore, with respect to the proposed Defendants in their official capacities, "neither a State <u>nor its officials acting in their official capacities</u> are 'persons' under § 1983." <u>Will</u>, 491 U.S. at 71 (emphasis added). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." <u>Id.</u> (citing <u>Brandon v. Holt</u>, 469 U.S. 464, 471 (1985)). Therefore, Plaintiff's proposal to proceed against the identified Defendants in their official capacities would fail for the same reasons that Plaintiff cannot maintain an action against the DOC or Scotland Correctional Institution in this Court.

With respect to those proposed Defendants in their individual capacities, Plaintiff's proposed Amended Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and is therefore futile. <u>See</u> <u>Syngenta Crop Prot.</u>, 222 F.R.D. at 278. In the context of Section 1983, such as here, vicarious liability claims based on the doctrine of *respondeat superior* are ineffective. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the

-6-

Case 1:11-cv-00445-CCE-LPA   Document 23   Filed 04/18/12   Page 6 of 12

unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). As noted in this Court by Chief Judge James A. Beaty, Jr., "[s]upervisory officials may be liable under § 1983 if '(1) . . . the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2). . . the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authority of the alleged offensive practices []'; and (3) . . . there was an 'affirmative causal link' between the supervisor's inaction and the particular injury suffered by the plaintiff." <u>McFadyen v. Duke Univ.</u>, 786 F. Supp. 2d 887, 963 (M.D.N.C. 2011) (alterations in original) (quoting <u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994)). In sum, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Iqbal</u>, 556 U.S. at 676.

Here, Plaintiff's proposed Amended Complaint offers no facts that would support a claim that the identified Defendants, through their "own individual actions, has violated the Constitution," <u>id.</u> The bases Plaintiff provides for adding each proposed Defendant are as follows:

> Defendant, Fredrick Hubbard is the Superintendant [sic] of Scotland Correctional Institution. He is legally responsible for the operation of Scotland Correctional

-7-

> Institution and for the welfare of all inmates of that prison.
>
> Defendant, Captain Cross, is a Correctional Officer of the North Carolina Department of Corrections who, at times mentioned in this Complaint, held the rank of Captain and was assigned to the Scotland Correctional Institution.
>
> Defendant, Zachary Kendal, is the Asst. Chief of Security for the North Carolina Department of Corrections. He is legally responsible for the overall security of the Department and each institution under his jurisdiction, including Scotland Correctional Institution.
>
> Defendant, Alvin Keller, is the Secretary of the North Carolina division of prisons. He is legally responsible for the overall operations of the Department and each institution under it's [sic] jurisdiction, including Scotland Correctional Institution.
>
> Defendant, Robert Lewis is the Director of the North Carolina Department of Corrections. He is legally responsible for the overall operations of the Department and each institution under it's [sic] jurisdiction, including Scotland Correctional Institution.
>
> Defendant, John Doe, 1-100 is a Correctional Officer of the North Carolina Department of Corrections who at all times mentioned in this Complaint was assigned to Scotland Correctional Institution.
>
> Defendant, Jane Doe, 1-100 is a Correctional Officer of the North Carolina Department of Corrections who at all times mentioned in this Complaint was assigned to Scotland Correctional Institution.

(Docket Entry 18 at 2-3.)

Plaintiff's proposed amendment thus relies on the theory of *respondeat superior*, and neither Plaintiff's original Complaint nor Plaintiff's Motion to Amend alleges any actions taken directly by any of these individuals. (<u>See</u> Docket Entries 2, 18.) Plaintiff's

-8-

proposed Amendment therefore fails an analysis under Fed. R. Civ. P. 12(b)(6), rendering it futile.[1]

### Service of Process

As a final matter, the Court takes up the issue of service of process. With the dismissal of the DOC and Scotland Correctional Institution, as well as the denial of Plaintiff's Motion to Amend, only Correctional Officers Edwards and Sharpe would remain as Defendants in this action. However, the record reflects that, although Plaintiff filed his Complaint on June 1, 2011 (see Docket Entry 2), Plaintiff has served neither of those Defendants. (See Docket Entries dated June 1, 2011, to present.) It appears that Plaintiff provided the address for each as the location of Scotland Correctional Institution, and their summons were returned unserved with the notation that neither remains employed at that facility. (See Docket Entry 7.) Plaintiff contends that "[t]he North Carolina Department of Corrections has refused to give the United

---

[1] For reasons stated in Deberry v. Davis, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr. 19, 2010) (unpublished), the undersigned Magistrate Judge will enter an order, rather than a recommendation, as to this matter. See also Everett v. Prison Health Servs., 412 Fed. Appx. 604, 605 & n.2 (4th Cir. 2011) ("Everett moved for leave to amend her complaint . . . to add Appellee Prison Health Services, Inc. ('PHS') as a defendant based on information obtained during discovery, and to add a state-law claim of medical malpractice against PHS. After a hearing, the magistrate judge denied Everett's motion. Everett timely objected, thereby preserving the issue for review by the district court. . . . [T]he district court could not modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was 'clearly erroneous or contrary to law.' Fed. R. Civ. P. 72(a); 28 U.S.C.A. § 636(b)(1)(A) (2006 & Supp. 2010).").

States Marshal Service or this Honorable Court, the facility that the Defendants are employed in nor there [sic] last known home address. The only answer that the Defendant states is 'no longer employed at this facility.'" (Docket Entry 15, ¶ 4.)

The Court notes that Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Other courts examining similar facts have reasoned that it is "'unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison.'" Murray v. Pataki, 378 Fed. Appx. 50, 52 (2d Cir. 2010) (quoting Richardson v. Johnson, 598 F.3d 734, 739-40 (11th Cir. 2010)). Furthermore, although Plaintiff has not provided current addresses for Correctional Officers Edwards and Sharpe, "the Court remains under a duty to assist Plaintiff with regard to service of process in view of his *pro se* status and the granting of leave to proceed *in forma pauperis*." Kaminski v. Wake Forest Univ. Baptist Med. Ctr., No. 1:08CV882, 2009 WL 3208449, at *5 (M.D.N.C. Sept. 30, 2009) (Sharp, M.J.) (unpublished). In light of this obligation, as well as Plaintiff's prior efforts to identify and to serve Correctional

-10-

Officers Edwards and Sharpe, the Court will order the parties before the Court to take additional steps to effectuate service of process on those remaining Defendants.

**IT IS THEREFORE RECOMMENDED** that the DOC's Motion to Dismiss (Docket Entry 13) should be granted and that all claims against the DOC and Scotland Correctional Institution should be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that the Motion to Amend Complaint Under Rules 15(a) and 19(a) Fed. R. Civ. P. (Docket Entry 18) filed by Plaintiff is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall provide Plaintiff with waiver of service forms for completion by Plaintiff as to Correctional Officers Edwards and Sharpe. Plaintiff shall, after completing said forms, send them to counsel for the DOC who shall take reasonable steps to provide those forms to Correctional Officers Edwards and Sharpe. If Plaintiff fails to send the completed waiver of service forms to counsel for the DOC by May 20, 2012, counsel for the DOC shall file with the Court and shall serve on Plaintiff a notice so stating. If the Court receives such notice, this action may be dismissed as to the remaining Defendants for Plaintiff's failure to prosecute and to comply with this Order. If Plaintiff does timely send the completed waiver of service forms to counsel for the DOC and Correctional Officers Edwards and Sharpe do not execute said forms by July 20, 2012, counsel for the DOC

shall file with the Court and shall serve on Plaintiff a notice either stating that said counsel will accept service on behalf of Correctional Officers Edwards and Sharpe (which, in the interest of efficiency, the Court then will carry out for Plaintiff via the CM/ECF system) or setting forth a proper service address for Correctional Officers Edwards and Sharpe, to the extent such addresses are within the knowledge, information and belief of the DOC formed after reasonable inquiry. If counsel for the DOC chooses to file a notice containing a proper service address for said Defendants, the Clerk shall prepare a proper summons for Correctional Officers Edwards and Sharpe for service by the United States Marshal.

                                                       /s/ L. Patrick Auld
                                                          **L. Patrick Auld**
                                     **United States Magistrate Judge**

April 18, 2012